IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC LONG, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 18-CV-5615 |
| | : | |
| GOVERNOR TOM WOLF, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM OPINION

*Pro se* Plaintiff Eric Long brings this suit pursuant to 42 U.S.C. § 1983, alleging that Defendants—the current Governor of Pennsylvania, Tom Wolf, and two financial executives, David J. Eiswert and Abbey Johnson—conspired to take over $18 billion in assets belonging to him. Defendant Wolf now moves to dismiss the Complaint for failure to state a claim, which will be granted for the foregoing reasons. In addition, the Court will *sua sponte* dismiss the Complaint for failure to state a claim against the remaining Defendants.

### I. BACKGROUND

Although the Complaint is sparse and, at times, difficult to follow, Plaintiff's claims appear to relate to his 2017 bankruptcy filing. *See In re Eric Long*, No. 17-bk-10828 (E.D. Pa. Bankr. 2017).[1] There, Plaintiff filed for Chapter 7 bankruptcy, claiming liabilities of $6,323 and assets of roughly $202 million in the form of various investment holdings. Over the course of the proceedings, however, the Trustee was unable to confirm that Plaintiff owned those assets because he failed to produce proper documentation to that effect. The Trustee explained that

---

[1] The Court may consider the filings in the bankruptcy suit in resolving the motion to dismiss, as they are matters of public record. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record"); *Friedberg v. Barefoot Architect Inc*, 723 F. App'x 100, 103 (3d Cir. 2018) (holding bankruptcy dockets are matters of public record).

Plaintiff instead produced "daily internet quote[s]" for investment funds, without any documentation that he owned the assets managed by those funds. On August 22, 2017, the Trustee filed a Chapter 7 Report of No Distribution, finding "that there is no property available for distribution from the estate over and above that exempted by law." As the Bankruptcy Judge later explained in a footnote order:

> The Trustee has filed a report stating that there are no assets to administer and the Debtor is dissatisfied with that decision. It appears that the Debtor[] believes that the Trustee is not collecting what the Debtor believes to be very valuable asset. (The Debtor also appears to be under the impression that the Trustee's job is to help the Debtor gain control of the Debtor's assets and to deliver those assets to the Debtor. Not true. The Trustee's job is [to] collect and administer assets for the benefit of creditors).
>
> In any event, the Debtor believes that he has submitted information to the Trustee showing the existence of a valuable asset in which the Trustee should be showing some interest. The Trustee disagrees and has concluded that the Debtor has provided him with no evidence that a valuable asset exists.
>
> Because the Debtor has been copying the court with all of his correspondence regarding the supposed asset, I also have reviewed the "evidence" regarding the existence of this asset. Having done so, I agree with the Trustee that the documents submitted by the Debtor do not demonstrate that he owns any valuable asset that might be administered in this bankruptcy case and I see no reason to override the Trustee's judgment.

*See In re Eric Long,* No. 17-bk-10828 (E.D. Pa. Bankr. 2017) at ECF No. 70.

Plaintiff filed this action on December 28, 2018, claiming "state officials," including Wolf, "entered into [a] conspiracy" with Johnson and Eiswert—respectively, the president of Fidelity Investments and a "Plan Sponsor" at T. Rowe Price. Plaintiff further asserts that on August 22, 2017—the day that the bankruptcy Trustee filed his Chapter 7 Report of No Distribution—Defendants took "accounts, investments, security, [and] bonds" belonging to Plaintiff "in the amount of $18,869,591,676.52."[2] In addition, Plaintiff attached to the Complaint what appear to be quotes for six different global stock funds, each containing

---

[2] The figure appears to be the sum of the various investment holdings that Plaintiff claimed to own in the Chapter 7 proceedings.

2

information about the fund: its name, its symbol, its CUSIP identification number, its inception date, its net assets at some point in 2015, and a brief summary of the fund. At the top of each page is Plaintiff's name and Social Security Number.

Initially, Plaintiff moved to proceed *in forma pauperis*. On January 3, 2019, the Court denied the motion on the ground that he failed to comply with the requirements of 28 U.S.C. § 1915(a) and advised Plaintiff that within thirty days he was required to either file a certified copy of his prisoner account or else pay the filing fee. Plaintiff failed to do either, and on February 21, 2019, the Court dismissed the case without prejudice for failure to prosecute. On March 4, 2019, Plaintiff submitted a letter requesting the Court reinstate the matter. On March 12, 2019, the Court granted the motion, again advising Plaintiff that within thirty days he was required to either file a certified copy of his prisoner account or else pay the filing fee. On March 26, 2019, Plaintiff paid the requisite filing fee, and on April 4, 2019, the Court directed the U.S. Marshals to make service of the summons and Complaint on the Defendants.

On April 3, 2019, Defendant Wolf filed a motion to dismiss the Complaint for failure to state a claim. Defendants Johnson and Eiswert have not filed responsive pleadings.

**II.    LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare" recitations of the elements of a claim supported only by "conclusory statements" will not suffice. *Id.* at 683. Rather, a plaintiff must allege some facts to raise the allegation above the

level of mere speculation. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 176 (3d Cir. 2010) (citing *Twombly*, 550 U.S. at 555). In analyzing a motion to dismiss legal conclusions are disregarded, well-pleaded factual allegations are taken as true, and a determination is made whether those facts state a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 210-11 (3d Cir. 2009).

### III. DISCUSSION

Plaintiff alleges that Defendants conspired to effect an illegal taking in violation of the Fifth Amendment. The takings clause of the Fifth Amendment provides: "nor shall property be taken for public use, without just compensation." U.S. Const. amend. V. A physical taking consists of an occupation of all or part of an individual's property, *Loretto v. Teleprompter Manhattan CA TV Corp.*, 485 U.S. 419, 21 (1982), and applies to real and personal property alike, *see Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1003-04 (1984).

Here, the Complaint has failed to allege facts to support a plausible inference that Defendants effectuated a taking of Plaintiff's property. First, Plaintiff has not plausibly alleged that he owned the property—over $18 billion worth of investment assets under the management of global funds such as T. Rowe Price—purportedly taken by Defendants. The various documents attached to the Complaint—pages showing the valuation of different global stock funds with Plaintiff's name and Social Security number printed across the top—do not support Plaintiff's bare assertion that he owns those assets. Second, Plaintiff has not plausibly alleged that the Defendants took any property. The Complaint states that "accounts investments, security, bonds, etc. were diversified (distributed)" by Defendants. But, those are precisely the type of "conclusory statements" that are disregarded for purposes of resolving a motion to dismiss. *Iqbal*, 556 U.S. at 683. Absent supporting facts to show a plausible violation of the

Fifth Amendment, Plaintiff's conclusory assertions are insufficient to state a claim on which relief may be granted, and the claim will be dismissed accordingly. *Id.*

Because the Complaint fails to plead a viable Fifth Amendment violation—or, for that matter, any other constitutional violation—Plaintiff's conspiracy claim also fails. *See Parkway Garage, Inc., v. City of Philadelphia*, 5 F.3d 685, 700 (3d Cir. 1993) ("To demonstrate the existence of a conspiracy under 42 U.S.C. § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law.") *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington,* 316 F.3d 392 (3d Cir. 2003); *Clayworth v. Luzerne County*, 513 F. App'x 134, 138 (3d Cir. 2013) ("[B]ecause [plaintiff] failed to establish an underlying violation of his constitutional rights, his § 1983 conspiracy claim also fails.").[3]

Accordingly, Defendant Wolf's motion to dismiss the Complaint for failure to state a claim will be granted.[4] And while Defendants Johnson and Eiswert have not filed motions to dismiss, the Court will *sua sponte* dismiss the claims against them as well. "The District Court has the power to dismiss claims *sua sponte* under Rule 12(b)(6)." *Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008) (citing *Bryson v. Brand Insulations, Inc.,* 621 F.2d 556, 559 (3d Cir.1980)); *see also Bethea v. Nation of Islam*, 248 F. App'x 331, 333 (3d Cir. 2007) ("[A]lthough disfavored, a *sua sponte* dismissal may stand . . . where it is clear that the plaintiff cannot prevail and that any amendment would be futile."); *Marino v. Pilot Travel Ctrs., LLC*, 2015 WL 4111824, at *5 (E.D. Pa. July 8, 2015) (dismissing claim against

---

[3] In addition, Plaintiff fails to plead facts that plausibly show the existence of a conspiracy—the only allegation that a conspiracy existed amongst the Defendants is the conclusory legal assertion that "private actors . . . entered into conspiracy with State officials." Such conclusory assertions are insufficient to establish "plausible grounds to infer an agreement." *Great W. Mining & Mineral Co.*, 615 F.3d at 178.

[4] Because the Court will grant Defendant Wolf's motion on the grounds that the Complaint fails to state a claim, it need not reach the other grounds proffered by Defendant Wolf for dismissing the Complaint.

defendant *sua sponte* even though "the pending Motion to Dismiss was filed only by [other defendant]" because "[plaintiff] also fails to state a claim against [the non-moving defendant]."); *Kline v. Hall*, 2012 WL 6137620, at *10-11 (M.D. Pa. Dec. 11, 2012) (deciding, after dismissing a claim against certain defendants, that the same claim should also be dismissed *sua sponte* against the remaining defendant even though he failed to challenge the claim in his motion to dismiss). This is one of the rare cases where "it is clear that the plaintiff cannot prevail and that any amendment would be futile." *Bethea*, 248 F. App'x. at 333. For the same reasons, the claims will be dismissed with prejudice. *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (explaining that a district court may dismiss claims with prejudice where leave to amend would be futile).

An appropriate order follows.

**July 1, 2019**  **BY THE COURT:**

**/s/ Wendy Beetlestone**

**WENDY BEETLESTONE, J.**